LEACH v. CITY OF XENIA.

*Criminal law—Judgment of de facto judge voidable but not void—Municipal police judge appointed by city commission—Jurisdiction to be challenged at or prior to trial—Fine paid cannot be recovered from city, when.*

1. The jurisdiction over criminal offenses of a police judge, elected by a city commission, is voidable but not absolutely void.

2. To raise the issue of jurisdiction and make it available against such police judge, it is necessary that the objection be made at the time of or prior to the trial.

(Decided May 25, 1926.)

ERROR: Court of Appeals for Greene county.

*Mr. Frank L. Johnson,* for plaintiffs in error.
*Mr. J. A. Finney,* city solicitor, for defendant in error.

KUNKLE, J. Plaintiff in error states in her petition that the city of Xenia is a chartered city; that a certain charter for said city was adopted by the people of Xenia August 30, 1917; that Section 29 of said charter, so adopted, is as follows:

"Sec. 29. The commission shall designate on its record by resolution or ordinance, some suitable person to act as police judge, with power to hear and determine all misdemeanor causes arising under the ordinances of said city, and under the laws of the state of Ohio, whose jurisdiction as a magistrate shall be the same as that now conferred and vested in mayors of municipalities under the laws of the state of Ohio. The commission shall fix the compensation of said police judge, and he shall hold office at its pleasure. The fees taxed and collected

by said police judge shall be paid into the city treasury, and credited to the fund out of which the salary of said police judge shall be payable."

The petition further alleges that the city commission, acting solely under and by virtue of said Section 29, attempted to appoint and designate E. Dawson Smith as the police judge of said city; that such appointment and designation were not to fill any unexpired term or vacancy, but were the originally attempted appointment of said Smith to said alleged position of police judge of the city of Xenia. Plaintiff further states that thereafter she was arrested for the alleged unlawful possession of intoxicating liquor; that trial was had before said alleged police court of the city of Xenia, and that she was found guilty and fined in the sum of $315.95, being the fine and costs; that rather than be committed to any penal institution she paid said police judge the sum of $315.95 on April 23, 1923, and that on that date the said E. Dawson Smith paid to the city of Xenia out of said money the sum of $165.95. Wherefore plaintiff prays judgment against the city of Xenia in the sum of $165.95 with interest from April 23, 1923.

To the petition of plaintiff in error the city of Xenia filed a demurrer, upon the ground that the petition did not state facts sufficient to constitute a cause of action. This demurrer was submitted to the lower court and the same was sustained. From such judgment of the lower court, sustaining the demurrer to the petition, plaintiff in error prosecutes error to this court.

In brief, plaintiff in error claims:

(1) That there never was a police court established by the city of Xenia, as provided by the Constitution and laws of the state of Ohio, and that

the attempted creation of a police court for said city by the charter of the city of Xenia was void and unconstitutional.

(2) That the city commission had no authority under Section 29 of their charter, or under any other authority, to appoint any one as police judge of the city of Xenia, and that the attempted appointment of E. Dawson Smith as such police judge was void and unconstitutional.

(3) That all of the acts of said E. Dawson Smith as such pretended officer are null and void and that any moneys paid in fines to prevent the person fined from being imprisoned were involuntarily paid and can be recovered.

The question of the jurisdiction of said police court to originally hear and determine the case at bar was not raised in said police court, and according to the averments of the petition the judgment rendered by said police court has been carried into execution by the payment by plaintiff in error of the fine assessed.

In brief, therefore, the questions presented for consideration by the record in this case are:

(1) Whether the judgment of such police court in such misdemeanor case is void or merely voidable.

(2) Whether a defendant in a misdemeanor case, who raises no objection to the jurisdiction of the court, and pays a fine and costs assessed by such court, can subsequently maintain an action against the city to recover the amount so paid.

As to the first proposition, it appears from Section 29 of said ordinance, as set forth in the petition, that the judge of said police court succeeded to the same jurisdiction as was then conferred and vested in mayors of such municipalities under the

laws of the state of Ohio.   To this extent, therefore, the police judge was a *de facto* officer of the mayor's court, which was an office created by law. The offense charged against plaintiff in error was one which fell within the jurisdiction of the mayor's court, and, the police judge being a *de facto* officer and acting as the presiding magistrate of such court, his acts within the scope of that jurisdiction would, in our opinion, not be absolutely void.

The answer to the second question would follow from what is above stated.   The offense was within the jurisdiction of the mayor's court, and the judge of the police court being a *de facto* officer thereof, in the absence of objection in the trial of a misdemeanor, where the defendant acquiesced in the judgment rendered by such *de facto* court and paid the fine and costs so assessed, no action will lie against the city by such defendant to recover the amount so paid.

We have carefully examined the various authorities cited by counsel in their briefs.   Counsel for plaintiff in error calls the attention of the court to the case of *Warwick* v. *State of Ohio,* No. 235 in the Court of Appeals of Greene county, in which the decision was rendered by this court.   In the *Warwick case* a somewhat similar question came to the court upon a plea in abatement, to which a demurrer had been sustained.   However, in that case the court did not decide the questions which are controlling in this case, but left them open for further consideration, as appears from the last paragraph of the decision in that case, which is as follows:

"Nor does the court express an opinion as to the validity of a conviction and sentence in a criminal case where the question of jurisdiction has not been raised and where sentence has been carried into execution."

We have carefully considered the errors claimed by counsel for plaintiff in error, and upon such consideration are of opinion that the judgment of the lower court should be affirmed.

*Judgment affirmed.*

ALLREAD and FERNEDING, JJ., concur.